IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHANTE N. HODGE | * | |
| HAROLD H. HODGE, JR. | | |
|           Plaintiffs, | * | |
| | | |
| v. | * | CIVIL ACTION NO. PJM-09-2252 |
| | | |
| CALVERT COUNTY | * | |
| STATE OF MARYLAND | | |
| ST. MARY'S COUNTY | * | |
| SHERIFF TIMOTHY CAMERON | | |
| DETECTIVE THOMAS HEDDERICH | * | |
| DETECTIVE WILLIAM RAY | | |
| SHERIFF MIKE EVANS | * | |
| DETECTIVE RICKY COX | | |
| LIEUTENANT RICKY THOMAS | * | |
| DEPUTY OR SHERIFF SUTTON | | |
| DEPUTY OR SHERIFF CANNING | * | |
| DEPUTY OR SHERIFF FENTON | | |
| UNKNOW MEMBERS OF THE CALVERT | * | |
|   COUNTY SHERIFF'S OFFICE SPECIAL | | |
|   OPERATIONS TEAM ("SOT") | * | |
| UNKNOWN SWAT TEAM MEMBERS OF | | |
|   THE CALVERT COUNTY SHERIFF'S | * | |
|   OFFICE | | |
| JUDGE ROBERT B. RIDDLE | * | |
| CALVERT COUNTY DETENTION CENTER | | |
| SHERIFF AND DEPUTY AND | * | |
|   CORRECTIONAL  OFFICER FENTON | | |
|           Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

This Complaint represents the second time in as many years that Plaintiffs have filed suit against County agencies and individual law enforcement officers concerning a September 25, 2007 incident at their former home on Planters Wharf Road in Lusby, Maryland. Plaintiffs allege Defendants violated their civil rights under 42 U.S.C. § 1983, committed various tortious acts, and violated the Maryland Declaration of Rights Act. Paper No. 1.

To gain some perspective as to the filing of this case, the Court shall examine Plaintiffs' prior Complaint, the history of which is set out in *Hodge, et al. v. St. Mary's County Sheriff's Office, et al.*, Civil Action No. PJM-08-2522 (D. Md. 2008).  In that prior action, filed on September 25, 2008, Plaintiffs brought suit against the Sheriff's Departments of St. Mary's and Calvert Counties and individual law enforcement officers.[1]  They alleged that Harold Hodge's half-brother, Antonio Gantt, robbed a bank in St. Mary's County on September 24, 2007 and on September 25, 2007, St. Mary's County Defendants came to their home, knocked on the front door, and identified themselves as "the police."  Plaintiffs stated they opened the front door and the police officers indicated that they had a warrant, but refused to show the document upon Plaintiffs' request.

Plaintiffs claimed the officers then grabbed Harold Hodge and attempted to yank him away from the home, while Harold Hodge pulled away in an effort to stay inside.  Chante Hodge asserted that officers grabbed her husband with such force as to cause him to fall to the ground ten feet away from the front door.  Plaintiffs alleged that as Harold Hodge was getting up and attempting to walk back to the house, four police officers ran and jumped on him, knocked him back to the ground, kneed him in the neck, back, and legs, and pushed his face into the grass.  The Complaint asserted that at no point was Harold Hodge resisting the officers.

Plaintiffs further alleged that a number of police officers "stormed" their home with machine guns and entered their daughters' bedroom fully armed while the children were in their undergarments. They claim that the children were made to sit or lie down against their will and that they witnessed the actions taken against their parents by police officers.   Chante Hodge complained that a warrant was not provided until 35 to 45 minutes had elapsed.

---

[1]  Plaintiffs sued the St. Mary's County Sheriff's Office, Detective Thomas Hedderich, Detective William Ray, Unknown Detective or Sheriff, Calvert County Sheriff's Office, Deputy R. Cox, Lt. Ricky Thomas, and the Calvert County Sheriff's Office Special Operations Team.

Plaintiffs alleged that the warrant only listed the name of Antonio Gantt, who does not permanently live with them and had not been seen by them since September 22, 2007. Plaintiff Harold Hodge claimed that he was arrested without probable cause by Calvert County Sheriff's Officers and was subsequently booked, jailed, taken before a commissioner for purposes of setting bail, charged with two counts of second-degree assault and "hinderous,"[2] and tried by a judge, who found him guilty of the count of "hinderous" and one count of second-degree assault. Harold Hodge claimed that he was sentenced to two years of unsupervised probation and the case was on appeal.[3]

Plaintiffs further claimed that the sentencing judge was biased against Harold Hodge because of his association with Antonio Gantt and because he signed off on the search and seizure warrant. They alleged that their home was subject to an illegal search and seizure and that Defendants' actions caused them economic hardship (attorney, appellate filing, and physician's fees, missed employment and schooling opportunities, and sale of personal property) and mental trauma to their two children. Plaintiffs also accused the police officers of false misrepresentation in their reporting, assault and battery, and the taking of $200.00 from their home as part of the police "investigation." They sought $104,000,000.00 in damages.

---

[2]   Plaintiffs referred to the offense of obstructing and hindering a police officer.

[3]   In *Hodge, et al. v. St. Mary's County Sheriff's Office, et al.*, Civil Action No. PJM-08-2522, Plaintiffs raised a plethora of claims against Defendants, chief amongst them being that Harold Hodge's arrest was made without probable cause. The Court observed that the state court docket showed that Harold Hodge had been convicted of obstruction & hindering a police officer and second-degree assault on February 21, 2008, in the District Court for Calvert County, Maryland. The convictions arose out of the September 25, 2007 incident at issue. *See State v. Hodge*, Case Number 020004791236 (District Court for Calvert County). Harold Hodge appealed the convictions to the Circuit Court. A jury trial, occurring on October 16, 2008, acquitted Hodge of the second-degree and obstruction/hindering charges. *See State v. Hodge*, Case Number 04K08000114 (Circuit Court for Calvert County).

Defendants were ordered to respond to the Complaint filed in *Hodge, et al. v. St. Mary's County Sheriff's Office, et al.*, Civil Action No. PJM-08-2522 (D. Md. 2008).  After briefing by the parties, on June 22, 2009, the undersigned granted summary judgment as to Officers Thomas, Hedderich, and Ray, granted the motion to dismiss as to Calvert County, Calvert County Sheriff's Office Special Operations Team, and the Calvert County Sheriff's Office, and summarily dismissed the complaint against St. Mary's County Sheriff's Office.  *Id*. at Paper Nos. 47 & 48.  The Court concluded that the Plaintiffs' constitutional rights were not violated as: there was probable cause to issue the warrant; the warrant satisfied the Fourth Amendment as it contained specific information on the property to be seized, the party to be targeted, and the address to be searched; and Harold Hodge's conviction constituted presumptive evidence that there was probable cause to arrest him at the time of his arrest.  In addition, the Court found that the force used in executing the arrest warrant and in requiring Chante Hodge and the daughters to remain immobile in the home was reasonable in light of the circumstances that existed when officers executed the warrant on September 25, 2007.  The Court further concluded that Plaintiffs' general Fifth, Eighth, and Fourteenth Amendment due process, equal protection, and excessive bail/cruel and unusual punishment claims and that Plaintiffs' cause of action invoking the Maryland Constitution and common-law tort claims, *i.e.*, false arrest, malicious prosecution, false imprisonment, invasion of privacy and intentional infliction of emotional distress, were without merit.  Finally, the Court found that the Calvert County Sheriff's Office Special Operations Team and the Calvert and St. Mary's County Sheriff's Offices were not properly named parties.  Plaintiffs' Motion for Reconsideration was denied on July 30, 2009.  On August 26, 2009, Plaintiffs filed a Notice of Appeal.  They also filed this new Complaint that same date.

Under the doctrine of *res judicata* or claim preclusion, a final decision on the merits of an action precludes the parties or their privies from re-litigating issues that actually were raised or could have been raised in that action. *See Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984). Moreover, the doctrine of collateral estoppel, or issue preclusion, operates to prevent re-litigating matters determined in a prior proceeding. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979). In effect, it prevents a plaintiff from asserting a claim that he had previously litigated against another defendant. Collateral estoppel may be used as a bar if a plaintiff had a full and fair opportunity to litigate the issues in the previous suit; mutuality of the parties is not required. *See Blonder-Tongue Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313 (1971); *Thurston v. United States*, 810 F.2d 438 (4th Cir. 1987).

When separating the chaff from the wheat, the allegations raised in the instant case seeking over $45,000,000.00 in damages clearly represent Plaintiffs' attempt to litigate anew their allegations regarding the execution of the "no-knock" warrant, the force employed against Harold Hodge, and Hodge's arrest at their former Lusby, Maryland home on September 25, 2007. They also seek to revisit claims regarding the effect of the arrest and use of force on the Hodge's daughters. Plainly dissatisfied with the decision entered by this Court in June of 2009, they filed this new Complaint which, while factually embellished and amended to include additional law enforcement parties and claims against a state district court judge and the Calvert County Detention Center, essentially raises the same claims set out in *Hodge, et al. v. St. Mary's County Sheriff's Office, et al.*, Civil Action No. PJM-08-2522 (D. Md. 2008).

Plaintiffs are estopped from re-litigating their claims. The principles of *res judicata* and collateral estoppel apply to this action. *See Allen v. McCurry*, 449 U.S. 90, 105 (1980). Federal law controls the assessment of the preclusive effect of the earlier federal judgment. *See Harnett v.*

5

*Billman*, 800 F.2d 1308, 1312-13 (4th Cir. 1986). Where, as here, final judgment was entered as to plaintiffs' civil rights and common-law tort claims; the parties are identical or in privity;[4] and the claims in the two suits are sufficiently identical as to arise out of the same series of transactions and/or could have been filed in the first suit, Plaintiffs are precluded from repackaging their adjudicated civil rights and tort claims. *See Meekins v. United Transportation Union*, 946 F.2d 1054, 1057-58 (4th Cir. 1991); *Keith v. Aldridge*, 900 F.2d at 740.

Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* shall be granted. The Complaint shall, however, be dismissed pursuant to 28 U.S.C. § 1915(e). A § 1915 dismissal is appropriate if an affirmative defense would defeat the action. *See Patterson v. Aiken*, 628 F. Supp 1068, 1076 (N. D. Ga. 1985) (complaint dismissed because it reasserts allegations litigated in previous suit). The absolute immunity of a defendant would also justify the dismissal of a claim as frivolous. *See Clark v. State of Ga. Pardons and Paroles Bd.,* 915 F.2d 636, 640 (11th Cir. 1990).

The Court finds that the instant matter is subject to dismissal. A separate Order effecting the rulings made in this Memorandum Opinion is being entered herewith.

September 4, 2009.                                  /s/
                                          PETER J. MESSITTE
                                     UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs cannot avoid the bar of *res judicata* simply by adding new defendants to the second suit. *See Dreyfus v. First Nat'l Bank of Chicago*, 424 F.2d 1171, 1175 (7th Cir. 1970). Moreover, Judge Riddle is immune from damage liability for his judicial actions. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Further, the "Calvert County Detention Center" or "CCDC" is not a "person" subject to suit under § 1983. Title 42 U.S.C. § 1983 authorizes the imposition of liability against "persons" who, acting under color of state law, subject a citizen to a deprivation of constitutional rights. CCDC is a building and not a "person" amenable to suit under § 1983. *See e.g., Powell v. Cook County Jail,* 814 F.Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D. N.Y. 1994) ("jail is not an entity that is amenable to suit").